UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHAWN R HIGGINS,<br><br>       Plaintiff,<br><br>vs.<br><br>COLLEEN GLYNN – BUSINESS MANAGER<br><br>IATSE LOCAL #11,<br><br>       Defendant | CA: 1:23-cv-12040-LTS |

## PLAINTIFF'S STATUS REPORT RE: SERVICE ON DEFENDANT

      Plaintiff submits this statement regarding the status of service on Defendant in accordance to the court's order of September 6, 2023 pursuant to the Federal Rules of Civil Procedure Rule 4(m) and Local Rule 4.1.

      To briefly remind the court, The Plaintiff was summarily suspended by the Defendant on July 23, 2023, and continues to be without any income due to Defendant's total disregard for due process and the total lack of communication with the Plaintiff. The Plaintiff's complaint was filed on September 1, 2023 and named Colleen Glynn, Business Manager IATSE Local #11 as Defendant.

      On September 6, 2023, the court granted Plaintiff's Motion for Leave to Proceed in forma pauperis. As directed, the Clerk issued a summons and provided the Plaintiff with the summons, a copy of the Complaint (ECF No. 1), and the Order. The Plaintiff elected to have service of the documents, provided by The Clerk, enacted by the United States Marshals Service.

      On September 21, 2023 the Plaintiff presented the United States Marshals Service with all necessary paperwork and service information to effect a completion of service pursuant to the Federal Rules of Civil Procedure Rule 4(m) and Local Rule 4.1. On September 25, 2023, Plaintiff reviewed the Civil Docket via CM/ECF noting that service has yet to be made. On September 29, 2023, Plaintiff reviewed the Civil Docket via CM/ECF noting that service still had not been completed. On October 2, 2023, Plaintiff called the United States Marshals Service, after following a series of prompts to the Process Service Area, the Plaintiff left a voicemail with Plaintiff's contact information and a brief message regarding the failure of service. On October 5, 2023, Plaintiff called the

United States Marshals Service Process Service Area, the Plaintiff left another voicemail with Plaintiff's contact information and a brief message regarding the failure of service as noted in prior voicemail. On October 10, 2023, Plaintiff called the United States Marshals Service and reached a party by dialing "0". The Plaintiff informed the party of the request for service to be executed by the United States Marshals Service and the date that the Plaintiff submitted the necessary paperwork. The Party informed the Plaintiff that they had 30 days to complete the service which would be October 21, 2023.

On October 23, 2023, the Plaintiff followed-up with the United States Marshals Service, after the 30 day window that the Plaintiff was advised of and spoke with the same party from the prior phone call of October 10, 2023. The party subsequently stated that they had 90 days to complete the service. The Plaintiff, respectfully denoted that the 90 days is the end of the time limit for service pursuant to the Federal Rules of Civil Procedure Rule 4(m) and any delay could jeopardize the Plaintiff's case. The party took the Plaintiff's contact information noting that Service Process was not the party's area and that someone would contact the Plaintiff. To date, the service has yet to be carried out and the Plaintiff has not been contacted by the United States Marshals Service.

Dated this 26 of October, 2023

Respectfully submitted,

_____ Pro Se
Shawn R. Higgins, Pro Se